**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BEN VENTURA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1007-R** |
| | ) | |
| **FRAN VELLA-MARRONE,** | ) | |
| **BRIAN GOTLIEB, and** | ) | |
| **GENINE EDWARDS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff, proceeding pro se, filed a Complaint alleging only that Defendants "violated due process." Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's Complaint, even when afforded a liberal construction, does not meet these standards. Accordingly, this action is dismissed without prejudice.

IT IS SO ORDERED this 6th day of May, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE